IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TAMERA E. INGRAM**[1],

    **Plaintiff,**

vs.                                                   No.: 2:21-cv-02076-MSN-cgc

**COMCAST, et al**

    **Defendants.**

ORDER GRANTING LEAVE TO PROCEED   *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION

    On June 6, 2021, plaintiff Tamera Ingram filed a *pro se* complaint and a motion to proceed *in forma pauperis*.  (D.E. # 1 & 2.)  This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[2].

    Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a).  To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing

---

[1] Plaintiff lists other individuals as co-plaintiffs however as she is not an attorney, she may not represent other parties before this court.  *See*, 28 U.S.C. § 1654 and <u>Davis v. Memphis Police Dept.</u>, No 2:13-cv-02497, 2013 WL 4446240, at *5 (W.D. Tenn. Aug. 15, 2013)   Only a licensed attorney may represent other persons.  <u>Davis</u>, at *5 (citing cases)

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendants as Comcast, Devon Self Storage, Baptist Hospital, Stewart County Police Department and Tennessee Department of Childrens Services.

The complaint was filed using the form for alleging violation of 42 U.S.C. § 1983. Plaintiff alleges that:

> "Had transmitter installed at Regional One Hospital by Memphis Police Department for illegal wire tap on inside my body health problems occurred messed with my brain caused pain and suffering went to Baptist Hospital to get it removed Judicial Review Board told them not to remove it traced phone of conversation along with Memphis Police Department Devon Self Storage cut lock my lock off my storage when I was in West Virginia to let Kevin Bridgeforth and Memphis Police Department to frame me with a gun like that officer they framed Department of Children Services got a complaint from me about raping my 14 yr old son [T.L.] been [illegible] him 6 months straight videos was made Judicial and Washington D.C. set this up with Department of Justice need to be registered as sex offenders everyone on this lawsuits will maker sure they do register he 14 yrs Judicial and Memphis police department stole money from taxes …"

Plaintiff does not seek monetary damages but requests that "everyone be registered as sex offenders on all [of her] lawsuits…Make sure DA in Clarksville and Memphis be held accountable for their part in rape…".

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint does not assert any coherent claim against any person or entity under any colorable legal theory. *See*, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (Dismissal is appropriate if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face")

Therefore, it is RECOMMENDED that Plaintiff's complaint pursuant to 42 U.S.C. § 1983 be dismissed with prejudice.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v.

<u>Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 6th day of July, 2021.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**